UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MR. MUDBUG, INC. d/b/a<br>MMI CULINARY SERVICES | CIVIL ACTION |
| VERSUS | NO: 15-5265 |
| BLOOMIN BRANDS, INC. | SECTION: "H"(3) |

## ORDER AND REASONS

Before the Court is Defendant Bloomin' Brands, Inc.'s Motion to Dismiss (Doc. 10). For the following reasons, the Motion is GRANTED IN PART, and Plaintiff's bad faith allegations are DISMISSED WITHOUT PREJUDICE.

## BACKGROUND

Plaintiff Mr. Mudbug, Inc. d/b/a MMI Culinary Services manufactures products such as prepared soups, sauces, and salad dressings. Defendant Bloomin' Brands, Inc. is a dining company with several national and international restaurant chains. According to Plaintiffs' Complaint, Plaintiff and Defendant formed a business relationship in late 2007 and early 2008 when Plaintiff began producing pre-prepared soups and salad dressings for Defendant. In response to an increase in demand and Defendant's quality standards, Plaintiff expanded its manufacturing facilities in 2008. Thereafter, Plaintiff alleges that Defendant awarded it with a contract to provide 28 million pounds of salad dressings (the "Dressing Contract"). In 2011, Plaintiff began a second expansion of its facilities costing $16.8 million. Plaintiff alleges

1

that Defendant inspected the expansion to ensure that it was compatible with its needs and operations. In 2012, however, Defendant converted from a private company to a public company and began diverting its food orders from Plaintiff to other food producers and suppliers. Defendant reduced the amount of the Dressing Contract award and by early 2013 withdrew it entirely. By December 2014, Defendant had ceased ordering food products from Plaintiff.

On September 25, 2015, Plaintiff filed a state court petition on open account against Defendant for the payment of two invoices totaling $242,668.83. Defendant removed the suit to this Court. Defendant thereafter asserted a counterclaim against Plaintiff for breach of contract to supply quality products and ingredients. Plaintiff then amended its complaint to add claims for breach of contract, detrimental reliance, and bad faith against Defendant. Defendant filed the instant motion alleging that Plaintiff has failed to state a claim upon which relief can be granted with regards to its breach of contract, detrimental reliance, and bad faith claims.

## **LEGAL STANDARD**

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead enough facts "to state a claim for relief that is plausible on its face."[1] A claim is "plausible on its face" when the pleaded facts allow the court to "draw reasonable inference that the defendant is liable for the misconduct alleged."[2] A court must accept the complaint's factual allegations as true and must "draw all reasonable inferences in the plaintiff's favor."[3] The court need not, however,

---

[1] *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007)).

[2] *Id.*

[3] *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009).

accept as true legal conclusions couched as factual allegations.[4]  To be legally sufficient, a complaint must establish more than a "sheer possibility" that the plaintiff's claims are true.[5]  If it is apparent from the face of the complaint that an insurmountable bar to relief exists and the plaintiff is not entitled to relief, the court must dismiss the claim.[6]  The court's review "is limited to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint."[7]

## LAW AND ANALYSIS

Defendant moves this Court to dismiss Plaintiff's breach of contract, detrimental reliance, and bad faith claims for failure to state a claim upon which relief can be granted. This Court will address each of its arguments in turn.

### A. Breach of Contract Claim

Plaintiff alleges that Defendant breached the Dressing Contract and other contracts when it withdrew its orders from Defendant and failed to pay two invoices.  In order to state a valid claim for breach of contract under Louisiana law, Plaintiff must allege:  "(1) the obligor's undertaking an obligation to perform, (2) the obligor failed to perform the obligation (the breach), and (3) the failure to perform resulted in damages to the obligee."[8]

---

[4] *Iqbal*, 556 U.S. at 678.
[5] *Id.*
[6] *Lormand*, 565 F.3d at 255–57.
[7] *Jones v. Bock*, 549 U.S. 199, 215 (2007).
[8] *Favrot v. Favrot,* 68 So.3d 1099, 1109–10 (La. App. 4 Cir. 2011) (citing *Jackson Joint Venture v. World Constr. Co., Inc.,* 499 So.2d 426, 427 (La. App. 4 Cir. 1986)); *see also Smoothie King Franchises, Inc. v. Southside Smoothie & Nutrition Center, Inc.*, No. 11–2002, 2012 WL 630010, at *4 (E.D. La. 2012).

Here, Plaintiff's allegations successfully meet the three elements for a breach of contract claim in Louisiana. First, Plaintiff claims that it entered into several contracts with Defendant for food orders, such as the Dressing Contract. Second, Plaintiff alleges that Defendant breached those contracts by withdrawing them and failing to pay the invoices for two orders. Third, Plaintiff states that it has suffered a total of $35,042,668.83 in direct and consequential damages resulting from Defendant's breach of contract.

Defendant argues, however, that Plaintiff's breach of contract claim fails under Louisiana law because Plaintiff has failed to cite to a specific contract provision that was allegedly breached.[9] It states that Plaintiff cannot point to a provision that prevented it from reducing and eventually withdrawing the Dressing Contract. This Court disagrees. Plaintiff's Complaint clearly alleges that the Dressing Contract required Defendant to purchase 28 million pounds of salad dressing from Plaintiff and that Defendant withdrew this contract from Plaintiff and awarded it to other manufacturers. Drawing all reasonable inferences in the plaintiff's favor,[10] this Court holds that Plaintiff's Complaint is sufficient to allege a breach of contract.

## B. Detrimental Reliance

Next, Defendant alleges that Plaintiff's Complaint fails to state a claim for detrimental reliance. To state a claim for detrimental reliance under Louisiana law, a Plaintiff must allege: "(1) a representation by conduct or word; (2) justifiable reliance; and (3) a change in position to one's detriment because of the reliance."[11] The detrimental reliance claim is intended to "prevent

---

[9] *See Smoothie King Franchises, Inc.*, 2012 WL 630010 at *4; *Blackstone v. Chase Manhattan Mortg. Corp.*, 802 F.Supp.2d 732, 738 (E.D. La. 2011) (citing *Louque v. Allstate Ins. Co.*, 314 F.3d 776, 782 (5th Cir.2003)).

[10] *Lormand*, 565 F.3d at 232.

[11] *Blackstone*, 802 F.Supp.2d at 739 (quoting *Suire v. Lafayette City–Parish Consol. Gov't*, 907 So.2d 37, 59 (La. 2005)) (internal quotations omitted).

4

injustice by barring a party from taking a position contrary to his prior acts, admissions, representations, or silence."[12]  Because detrimental reliance claims are not favored in Louisiana, they "must be examined carefully and strictly."[13]

Plaintiff's Complaint alleges that it relied on Defendant's promises under the Dressing Contract and other food product manufacturing agreements in deciding to expand its plant.  It alleges that the expansion would allow it to manufacture and supply products in the quantities and within the parameters required under those agreements.  Plaintiff alleges that "had BBI lived up to its promise to MMI under the Dressing Contract alone, the cost of the Large Expansion would have been retired within six years."[14]  Plaintiff alleges that its reliance was justified and caused it to incur indebtedness that it would not otherwise have incurred.

This Court holds that the allegations in Plaintiff's Complaint are sufficient to state a claim for detrimental reliance.  Plaintiff alleges that pursuant to the Dressing Contract, Defendant agreed to purchase 28 million pounds of salad dressing.  In reliance on this promise, Plaintiff expanded its facility in order to meet Defendant's needs.  Plaintiff alleges that this reliance was justified in light of Defendant's participation in the expansion.  Defendant allegedly provided Plaintiff with information to obtain financing and inspected the progress of the expansion to ensure that the new facility would meet its needs.  When Defendant breached the Dressing Contract by withdrawing the contract and diverting its business to other suppliers, Plaintiff was unable to pay for the expansion that it had initiated in reliance on Defendant's promise.

---

[12] *Id.* (internal quotations omitted).
[13] *Id.* (quoting *In re Ark–La–Tex Timber Co.,* 482 F.3d 319, 334 (5th Cir. 2007)) (internal quotations omitted).
[14] Doc. 6, p. 7.

Plaintiff has sufficiently plead the elements required to state a claim of detrimental reliance.

### C. Bad Faith Obligor

In both its breach of contract claim and detrimental reliance claim, Plaintiff alleges that Defendant acted in bad faith in failing to perform its obligations under the contracts between the parties. Pursuant to Louisiana Civil Code article 1997, "[a]n obligor in bad faith is liable for all the damages, foreseeable or not, that are a direct consequence of his failure to perform." "An obligor is in bad faith if he intentionally and maliciously fails to perform his obligation."[15] Defendant argues that Plaintiff's Complaint fails to allege any facts suggesting that Defendant acted with fraudulent or malicious intent and therefore its bad faith claims should be dismissed. This Court agrees. Plaintiff's Complaint is devoid of any mention of Defendant's motivations or intentions. The Complaint contains no facts that would support a finding that the Defendant's breach of contract was malicious or fraudulent. Plaintiff merely alleges that Defendant ceased purchasing food products from it. Accordingly, Plaintiff's bad faith allegations are dismissed.

---

[15] La. Civ. Code art. 1997, cmt. b.

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss is GRANTED IN PART. Plaintiff's bad faith allegations are DISMISSED WITHOUT PREJUDICE, and Plaintiff may amend its Complaint within 20 days of this Order to the extent that it can plausibly state a claim for bad faith.

New Orleans, Louisiana, this 23rd day of March, 2016.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**