UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MR. MUDBUG, INC.** | **CIVIL ACTION** |
| **VERSUS** | **NO: 15-05265** |
| **BLOOMIN BRANDS, INC.** | **SECTION "H"** |

## ORDER AND REASONS

Before the Court is Defendant Bloomin Brands, Inc.'s Motion to Dismiss Count IV of Plaintiff's Second Amended Complaint (Doc. 23). For the following reasons, the Motion is GRANTED.

## BACKGROUND

Plaintiff Mr. Mudbug, Inc. d/b/a MMI Culinary Services ("MMI") manufactures food products such as soups, sauces, and dressings. Defendant Bloomin Brands, Inc. ("BBI") operates multiple national and international restaurant chains including Bonefish Grill, LLC. For a period of approximately eight years, the parties formed a business relationship in which Plaintiff produced pre-prepared foods for Defendant. Plaintiff alleges that it expanded its manufacturing facilities in 2008 in reliance on this relationship. Following this expansion, for reasons that are disputed, Defendant began to

1

award fewer contracts to MMI. By December of 2014, the business relationship had been terminated entirely.

On September 25, 2015, Plaintiff filed a state court petition on open account against Defendant for the payment of two invoices totaling $242,668.83. Defendant removed the suit to this Court and asserted a counterclaim against Plaintiff for breach of contract to supply quality products and ingredients. Plaintiff then amended its Complaint to add claims for breach of contract, detrimental reliance, and bad faith. Thereafter, Defendant filed a Motion to Dismiss Plaintiff's breach of contract, detrimental reliance, and bad faith claim. This Court granted the motion only as to Plaintiff's bad faith claims and gave Plaintiff an opportunity to amend its bad faith allegations.

On April 11, 2016, Plaintiff file its Second Amended Complaint, adding new allegations of bad faith. Defendant thereafter filed the instant Motion to Dismiss. Defendant asserts that Plaintiff's bad faith claim still does not provide sufficient factual support to state a claim. Plaintiff has opposed this motion on the grounds that BBI's Motion to Dismiss was untimely. This Court will address each of the arguments in turn.

## **LEGAL STANDARD**

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead enough facts "to state a claim for relief that is plausible on its face."[1] A claim is "plausible on its face" when the pleaded facts allow the court to "draw reasonable inference that the defendant is liable for the misconduct alleged."[2] A court must accept the complaint's factual allegations as true and must "draw

---

[1] *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007)).
[2] *Id.*

2

all reasonable inferences in the plaintiff's favor."[3] The court need not, however, accept as true legal conclusions couched as factual allegations.[4] To be legally sufficient, a complaint must establish more than a "sheer possibility" that the plaintiff's claims are true.[5] If it is apparent from the face of the complaint that an insurmountable bar to relief exists and the plaintiff is not entitled to relief, the court must dismiss the claim.[6] The court's review is limited to the complaint and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint.[7]

## LAW & ANALYSIS

### I. Timeliness of BBI's Motion to Dismiss

In its opposition, Plaintiff makes much ado about the fact that BBI's Motion to Dismiss was filed untimely and requests denial on these grounds. Pursuant to the Federal Rules of Civil Procedure, a defendant has twenty-one days within which to either answer a complaint or file a motion to dismiss.[8] Defendant filed the instant Motion to Dismiss thirty-four days after Plaintiff's Second Amended Complaint was filed into the record.

Ironically, Plaintiff's opposition—in which it passionately chides Defendant for its untimely filing—was likewise untimely. Under Local Rule 7.5, oppositions to motions must be filed "no later than eight days before the noticed submission date." Defendant's motion was set for submission on July 13, 2016, making Plaintiff's opposition due on July 5, 2016. Plaintiff did not file its opposition until July 13—eight days late. In light of the parties' mutual

---

[3] *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009).
[4] *Iqbal*, 556 U.S. at 678.
[5] *Id.*
[6] *Lormand*, 565 F.3d at 255–57.
[7] *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).
[8] Fed. Rule Civ. Pro. 12(a).

3

tardiness and Plaintiff's failure to show any prejudice, this Court declines to deny Defendant's motion on timeliness grounds and instead proceeds to the merits.[9]

## II. Bad Faith Claim

In its First Amended Complaint, Plaintiff brought bad faith claims with regard to both its breach of contract and detrimental reliance claims. This Court held that Plaintiff's bad faith allegations failed to allege any facts suggesting that Defendant acted with the requisite fraudulent or malicious intent required to succeed on a bad faith claim. Plaintiff thereafter amended his Complaint in order to remedy these deficiencies. In the instant Motion to Dismiss, Defendant alleges that Plaintiff's Second Amended Complaint still fails to state a claim for bad faith.

Plaintiff's Second Amended Complaint, which adopts the allegations in its prior Complaint, adds allegations that Defendant unilaterally canceled orders it had placed for goods from Plaintiff. Specifically, Plaintiff discusses an agreement it had for the manufacture and supply of lobster bisque to the Bonefish Grill restaurant chain for a limited time offer promotion ("LTO Agreement"). Plaintiff alleges that the LTO Agreement was intentionally breached in order to prevent losses in light of the unsuccessful promotion. The LTO is the only contract named in the Second Amended Complaint in support of Plaintiff's bad faith claim.

Defendant alleges that the LTO Agreement cannot support a finding of bad faith because it is not between the named parties. The agreement, which Plaintiff attached to its Second Amended Complaint, is between Bonefish Grill, LLC and MMI. Bonefish Grill, LLC is a subsidiary of BBI. The Supreme Court

---

[9] *See Allstate Ins. Co. v. Riverside Roofing and Const., Inc.*, No. 06-5201, 2007 WL 3003016, at *1, n.1 (E.D. La. Oct. 12, 2007) (deciding motion on merits when both parties were untimely and no prejudice was shown).

4

has held that "it is the general principle of corporate law that a parent corporation . . . is not liable for the acts of its subsidiaries."[10] The only exception to this principle is instances when the "corporate veil" may be "pierced."[11] This Court has held that the "corporate veil" can be pierced only in one of the following four circumstances:

> First, a court will pierce the corporate veil if a third party is a victim of fraud, breach of professional duty, negligence, or another wrongful act by the individual member of the LLC. Second, a court will pierce the corporate veil if the members of the LLC use the corporate form to defeat public convenience, justify wrong, protect fraud, or defend crime. Third, a court will pierce the corporate veil if adherence to the corporate form would clearly result in inequity. Fourth, a court will pierce the corporate veil if it finds evidence of misuse of corporate privilege.[12]

Plaintiff has not shown that any of these unique circumstances exist in this case. Indeed, Plaintiff's only response is to provide evidence that BBI operates through "company-owned restaurants" like Bonefish Grill, which Defendant does not dispute. Accordingly, even if the LTO Agreement was breached in bad faith, BBI is not responsible for the acts of Bonefish Grill, LLC. The LTO Agreement therefore cannot provide the factual basis for a bad faith claim.

Defendant alleges that the remaining allegations of bad faith in Plaintiff's Second Amended Complaint are conclusory and do not meet the minimum pleading requirements. This Court agrees. As this Court stated previously, "an obligor is in bad faith if he intentionally and maliciously fails to perform his obligation."[13] Indeed, the term "bad faith" is usually interpreted

---

[10] *U.S. v. Bestfoods*, 524 U.S. 51, 52 (1998).
[11] *Martin v. Spring Break 83 Production, LLC*, 797 F.Supp.2d 719, 724 (E.D. La. 2011).
[12] *Id.* at 724–25 (internal quotations and citations omitted).
[13] La. Civ. Code art. 1997, cmt. b.

by Louisiana courts to imply actual or constructive fraud.[14] Plaintiff's Second Amended Complaint merely reiterates claims of detrimental reliance with regards to the enlargement of its manufacturing facility but does not allege any facts surrounding contracts other than the LTO Agreement that suggest Defendant "intentionally and maliciously" failed to perform an obligation. Refusal to go through with an agreement is not sufficient grounds for a finding of bad faith.[15] Plaintiff's claims do not assign any "dishonest or morally questionable motives" to Defendant's acts except the conclusory allegations of self-interest and ill-will.[16] Such conclusory allegations are insufficient to avoid dismissal for failure to state a claim.[17]

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss Count IV of Plaintiff's Second Amended Complaint is GRANTED, and Plaintiff's bad faith claims are DISMISSED WITH PREJUDICE.

New Orleans, this 25th day of August, 2016.

*(signature)*

**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

---

[14] *Bd. of Sup'rs of Louisiana State Univ. v. Louisiana Agr. Fin. Auth.*, 984 So. 2d 72, 80 (La. App. 1 Cir. 2008); *Holt v. Bethany Land Co.*, 843 So. 2d 606, 612 (La. App. 2 Cir. 2003).
[15] *Bodin v. Butler*, No. 07-3505, 2008 WL 2951345, at *4 (E.D. La. Jul. 28, 2008).
[16] *Bond v. Broadway*, 607 So. 2d 865, 867 (La. Ct. App. 1992).
[17] *Elliott v. Foufas*, 867 F.2d 877, 881 (5th Cir. 1989).