UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MR. MUDBUG, INC. | CIVIL ACTION |
| VERSUS | NO: 15-5265 |
| BLOOMIN' BRANDS, INC. | SECTION: "H" (4) |

ORDER AND REASONS

Before the Court is a **Motion to Compel (R. Doc. 45)** filed by the Defendant, Bloomin' Brands, Inc. ("Defendant"), seeking an order from the Court to compel the Plaintiff, Mr. Mudbug, Inc. ("Plaintiff"), to amend its discovery responses. The motion is opposed. R. Doc. 57. The motion will be heard on January 11, 2017.

I.      **Background**

This action was removed from the 24th Judicial District Court on October 19, 2015. R. Doc. 1. The Plaintiff alleges that during late 2007 to early 2008 it entered into a contractual relationship with the Defendant under which the Defendant ordered food products and services from the Plaintiff. R. Doc. 6, p. 2. In 2008, the Plaintiff alleges that the Defendant required the Plaintiff to expand its facilities in order to handle the increased volume of food product and service requests. R. Doc. 6, p. 3. In 2011, after the Defendant allegedly awarded the Plaintiff another contract for salad dressing, which resulted in the Plaintiff embarking on another $16.8 million expansion. *Id.* In the following years, the Defendant began to allegedly divert business from the Plaintiff, eventually withdrawing from the salad dressing contract in its entirety by 2013. *Id.* at p. 4. By December of 2014, the business relationship between the parties had terminated in its entirety. *Id.* As a result in 2015, the Plaintiff filed a state court petition for an amount on an open account on the Plaintiff. The Defendant removed and asserted a counterclaim of breach of contract to supply quality products. The Plaintiff then amended its complaint to add claims for breach of contract and

1

detrimental reliance. R. Doc. 6. The Plaintiff also asserted bad faith claims, but those claims have been dismissed. *See* R. Doc. 30.

At this time, the Defendant has filed a motion to compel. The Defendant initially served two sets of discovery requests on November 6, 2015 and January 8, 2016. R. Doc. 45-1, p. 2. The Plaintiff provided responses on December 6, 2015 and February 15, 2016, respectively. *Id.* at p. 3. After Defendant substituted counsel on August 26, 2016, Defendant's current counsel noted a number of deficiencies. In particular, the Defendant asserts that the Plaintiff has not identified responsive documents for each request and that the Plaintiff has not produced ESI information in accordance with Federal Rule of Civil Procedure 34(b)(2)(E). R. Doc. 45-1, p. 3-5. The Defendant states that it attempted to resolve these matters with the Plaintiff by sending a letter on November 7, 2016, calling on November 14, 2016, and sending an additional email on November 14, 2016. *Id.* at p. 3. However, the Defendant states that the Plaintiff did not respond to any of the Defendant's request for telephone conferences to discuss these matters. As such, the Defendant filed the instant motion. *Id.*

In response to this motion, the Plaintiff argues that the Defendant did not satisfy its obligation to meet and confer because it argues that Plaintiff's counsel informed Defendant that it need to defer any discovery conference until after consulting with the Plaintiff about the voluminous number of documents eligible for discovery. R. Doc. 57, p. 2. The Plaintiff also argues that because the motions come nearly one year after the discovery responses were served that the motion is untimely. *Id.* at p. 3. The Plaintiff also states that it has addressed the Defendant's concern regarding the production of ESI as it has provided the Defendant with a thumb drive that can be fully utilized by the Defendant. *Id.* at p. 2-3.

## II.     Standard of Review

Discovery of documents, electronically stored information, and things is governed by Federal Rule of Civil Procedure 34. Rule 34 allows a party to request the production of "any designated documents or electronically stored information" or "any tangible things." *Id.* Similarly, Rule 33 allows a party to serve another party written interrogatories which "must, to the extent it is not objected to, be answered separately and fully in writing under oath." Fed. R. Civ. P. 33(b)(3). Both Rule 33 and 34 allow a party to ask interrogatories and request production to the extent of Rule 26(b). Fed. R. Civ. P. 33(a)(2); 34(a).

Federal Rule of Civil Procedure ("Rule") 26(b)(1) provides that "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense. . . . ." Rule 26(b)(1) specifies that "[i]nformation within the scope of discovery need not be admissible in evidence to be discovered." Rule 26(b)(1) also specifies that discovery must be "proportional to the needs of the case, considering the important of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Id.

Under Rule 26(b)(2)(C), discovery may be limited if: (1) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from another, more convenient, less burdensome, or less expensive source; (2) the party seeking discovery has had ample opportunity to obtain the discovery sought; or (3) the burden or expense of the proposed discovery outweighs its likely benefit.

Federal Rule of Civil Procedure 37 provides sanctions for failure to cooperate in discovery. Rule 37(a) allows a party in certain circumstances to move for an order compelling discovery from

another party. In particular, Rule 37(a)(3)(b)(iii)-(iv) allows a party seeking discovery to move for an order compelling an answer or production of documents where a party "fails to answer an interrogatory" or "fails to produce documents." An "evasive or incomplete" answer or production is treated the same as a complete failure to answer or produce. Fed. R. Civ. P. 37(a)(4).

In addition to alleging that the responding party has failed to properly cooperate with discovery, a motion to compel under Rule 37(a) must also "include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 31(a)(1).

### III. Analysis

The Defendant has filed the instant motion to compel seeking an order requiring the Defendant to identify the documents responsive to each discovery request and to produce any ESI in a proper format. R. Doc. 45. The Court will address both.

First, the Defendant argues that the Plaintiff should answer what documents are responsive to each request for production of documents. R. Doc. 45. In its response, the Plaintiff merely referred to "documents produced herewith" without specifically identifying the documents responsive to each particular request. *See* R. Doc. 45-4.

The Court grants the motion to compel as to this request. It is undoubtedly the case that the Defendant is entitled to have responsive documents identified for each of its requests for production of documents. *See, e.g. , Rosalez Funez v. E.M.S.P., LLC,* No. 16-1922, 2016 WL 5337981, at *3 (E.D. La. Sept. 23, 2016) ("Federal Rule of Civil Procedure 37(a)(4) states that and evasive answer is treated the same as not responding to the request. Here, by dumping more than one thousand documents on the Plaintiffs, the Defendants have not properly responded to the individual requests for production. Rather, the Defendants should have attempted to identify which

documents were responsive to which requests."); *see also Bacharach v. SunTrust Mortg., Inc.,* No. 14-0962, 2015 WL 1843007, at *4 (E.D. La. Apr. 22, 2015). As the Court discussed during oral argument, the Plaintiff must identify the Bates Numbers of the documents that are responsive to each particular request for production.

Second, the Defendant also argues that the Plaintiff has not properly produced ESI documents. R. Doc. 45-1, p. 5. As an initial matter, the Court notes that the Defendant is entitled to have the ESI documents produced in either the way that it is maintained in the normal course of business or in a reasonably usable form. Federal Rule of Civil Procedure 34 allows a party to request a particular format for the production of ESI. *See In re Porsche Cars North America, Inc. Plastic Coolant Tubes Products Liability Litigation,* 279 F.R.D. 447, 449 (S.D. Ohio 2012) ("Pursuant to Rule 34(b)(1)(C), a requesting party is entitled to specify the form or forms in which electronically stored information is to be produced."). Here, the Defendant appears to have made competing requests for the format of the electronic information. In one instance, the request asks for electronic information to be produced in the form in which it was maintained in the usual course of business or activity. R. Doc. 45-3, p. 3. Later, in the same request, the Defendant ask that, *pursuant to Rule 34*, all documents be produced in Adobe (PDF) and/or Word format. *Id.* at p. 7. The Defendant now seeks the production of document in their native format. R. Doc. 45-1, p. 6. In response, the Plaintiff did produce the documents in .pdf form. As such, the Plaintiffs has complied with the request and produced the documents in .pdf format. The Defendant's argument that the Plaintiff's response is not compliant with the rule is defeated by the Defendant's own request, which Rule 34 allows. The Defendant was "the master of its production requests; it must be satisfied with what it asked for." *Autotech Technologies Ltd. Partnership v. Automationdirect.com, Inc.*, 248 F.R.D. 556, 560 (N.D. Ill. 2008).

Furthermore, to the extent that the Defendant argues that the Plaintiff should have produce metadata, the Court also disagrees. The Defendant did not make a request for metadata in its request for production of documents. "Ordinarily, courts will not compel the production of metadata when a party did not make that a part of its request." *Id.* at 559 (citing *Wyeth v. Impax Labs.*, *Inc.*, 248 F.R.D. 169, 170-72 (D. Del. 2006)). As there was no request for metadata, the Court will not now order its production. Again, the Defendant was "the master of its production requests; it must be satisfied with what it asked for." *Id.* at 560.

Finally, the Court also briefly notes Plaintiff's arguments concerning the meet and confer requirement as well as the timeliness argument. As to the meet and confer requirement, the Court is satisfied with the Defendant's attempts. The Defendant made a number of attempts in November 2016 to contact the Plaintiff to establish a time in which to confer. However, the Plaintiff did not respond to those discovery requests or attempted to delay those requests further. Moreover, the Defendant waited until December 6, 2016 to file the instant motion, giving the Plaintiff plenty of time to respond to the Defendant's letters/emails.

As to the Plaintiff's timeliness argument, the Plaintiff cites *Wells v. Sears Roebuck & Co.,* 203 F.R.D. 240 (S.D. Miss. 2001) for the argument that "if the conduct of a respondent to discovery necessitates a motion to compel, the requester of the discovery must protect himself by timely proceeding with the motion to compel." However, that case is inapposite. In *Wells*, the Court was considering a motion to continue the discovery deadline. While the Court noted that the Plaintiff had acted dilatorily in filing a motion to compel which eventually led to the request for an extension of the discovery deadline, the Court does not suggest that the motion to compel was itself flawed because it was filed months after the discovery response was received. *Id.* at 241. Here, the Defendant has filed well before the discovery deadline. In fact, the discovery period did

not technically open until early November of 2016 when the parties engaged in a Rule 26(f) discovery conference and subsequent scheduling conference. Moreover, the present motion will not necessitate any alteration of the current deadline set for November 3, 2017. As such, the Court also rejects this argument.

### IV.  Conclusion

Accordingly,

**IT IS ORDERED** that **Motion to Compel Discovery Responses (R. Doc. 34)** is **GRANTED IN PART** and **DENIED IN PART.**

**IT IS FURTHER ORDERED** that the motion is **GRANTED** to the extent that the Plaintiff must identify the Bates Numbers of responsive documents for each request.

**IT IS FURTHER ORDERED** that the Plaintiff must identify responsive documents **within thirty (30) days of the signing of this order.**

**IT IS FURTHER ORDERED** that the motion is **DENIED** to the extent that the Defendant seeks an order from the Court for the electronically stored information to be produced in another format.

New Orleans, Louisiana, this 11<u>th</u> day of January 2017.

_____

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**