UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MR. MUDBUG, INC.** | **CIVIL ACTION** |
| **VERSUS** | **NO: 15-05265** |
| **BLOOMIN BRANDS, INC.** | **SECTION "H"** |

## ORDER AND REASONS

Before the Court is Plaintiff's Motion for Reconsideration of this Court's Order on Defendants' Motion to Dismiss (Doc. 37). For the following reasons, the Motion is DENIED.

## BACKGROUND

Plaintiff Mr. Mudbug, Inc. d/b/a MMI Culinary Services ("MMI") manufactures food products such as soups, sauces, and dressings. Defendant Bloomin Brands, Inc. ("BBI") operates multiple national and international restaurant chains including Bonefish Grill, LLC ("Bonefish Grill"). For a period of approximately eight years, the parties formed a business relationship in which Plaintiff produced pre-prepared foods for Defendant. By December of 2014, the business relationship had terminated.

On September 25, 2015, Plaintiff filed a state court petition on open account against Defendant for the payment of two invoices. Defendant

1

removed the suit to this Court and asserted a counterclaim against Plaintiff for breach of contract to supply quality products and ingredients. Plaintiff then amended its Complaint to add claims for breach of contract, detrimental reliance, and bad faith. Thereafter, Defendant filed a Motion to Dismiss Plaintiff's claims. This Court granted the motion only as to Plaintiff's bad faith claims and gave Plaintiff an opportunity to amend its bad faith allegations.

On April 11, 2016, Plaintiff filed its Second Amended Complaint, adding new allegations of bad faith. Defendant thereafter filed its second Motion to Dismiss, again asserting that Plaintiff's allegations were insufficient. In support of its bad faith claim, Plaintiff's Second Amended Complaint added specific allegations regarding an agreement that it had for the manufacture and supply of lobster bisque to the Bonefish Grill restaurant chain for a limited time offer promotion ("LTO Agreement"). Plaintiff alleged that the LTO Agreement was intentionally breached in order to prevent losses in light of the unsuccessful promotion. The LTO Agreement, however, was between Bonefish Grill and Plaintiff. Bonefish Grill is a subsidiary of Defendant. This Court held that because Defendant was not a party to the agreement, it could not be liable for its bad faith breach. In so holding, the Court noted that Plaintiff had not shown the existence of any of the unique circumstances required to pierce the corporate veil, and thus Defendant could not be held liable for the acts of its subsidiary.

Plaintiff now seeks reconsideration of this holding. In the instant Motion for Reconsideration, Plaintiff argues that Defendant and Bonefish Grill operate as a single business enterprise, thereby causing Defendant to be responsible for the liability of its subsidiary.

## **LEGAL STANDARD**

Although styled as a Motion for Reconsideration, such a motion is not specifically recognized under the Federal Rules of Civil Procedure. When a movant seeks review of an order, such as in the present case, courts consider a motion for reconsideration under Rule 54(b), 59, or 60.[1] Because Rules 59 and 60 only apply to final judgments, a motion to reconsider that challenges an interlocutory order, as here, is analyzed pursuant to Rule 54(b).[2] Courts in this District generally analyze motions to reconsider interlocutory orders under Rule 59(e).[3]

A Rule 59(e) motion "[i]s not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment."[4] Instead, Rule 59(e) serves the narrow purpose of correcting "'manifest error[s] of law or fact or . . . presenting newly discovered evidence.'"[5] "'Manifest error' is one that 'is plain and indisputable, and that amounts to a complete disregard of the controlling law.'"[6] In the Fifth Circuit, altering, amending, or reconsidering a judgment under Rule 59(e) "[i]s an extraordinary remedy that should be used sparingly."[7] While district courts have "considerable discretion in deciding whether to grant or deny a motion to alter a judgment," denial is favored.[8]

---

[1] *U.S. Bank Nat'l Ass'n v. Verizon Commc'ns Inc.*, No. 3:10–CV–1842–G, 2012 WL 3034707, at *1 (N.D. Tex. July 25, 2012).
[2] *Gulf Fleet Tiger Acquisition, LLC v. Thoma–Sea Ship Builders, LLC*, Nos. 10–1440, 10–1802, 282 F.R.D. 146, 151–52 (E.D. La. 2012).
[3] *See Castrillo v. Am. Home Mortg. Servicing, Inc.*, No. 09–4369, 2010 WL 1424398, at *4 n.54 (E.D. La. Apr. 5, 2010) (collecting cases); *Gulf Fleet*, 282 F.R.D. at 152 n.40 (same).
[4] *Templet v. HydroChem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004) (citing *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)).
[5] *Advocare Int'l, LP v. Horizon Labs., Inc.*, 524 F.3d 679, 691 (5th Cir. 2008) (quoting *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863 (5th Cir. 2003)).
[6] *Guy v. Crown Equip. Corp.*, 394 F.3d 320, 325 (5th Cir. 2004) (quoting *Venegas–Hernandez v. Sonolux Records*, 370 F.3d 183, 195 (1st Cir. 2004)).
[7] *Templet*, 367 F.3d at 479 (citations omitted).
[8] *Hale v. Townley*, 45 F.3d 914, 921 (5th Cir. 1995).

## **LAW & ANALYSIS**

In its Motion for Reconsideration, Plaintiff argues for the first time that Defendant BBI and its subsidiary Bonefish Grill are a single business enterprise and therefore Defendant is liable for Bonefish Grill's bad faith breach of the LTO Agreement. Plaintiff does not, however, explain why it failed to raise such an argument in opposition to Defendant's Motion to Dismiss. Motions for reconsideration "cannot be used to raise arguments which could, and should, have been made before the judgment issued."[9] Plaintiff's Motion does not identify any newly discovered evidence nor a manifest error of law committed by this Court. Rather, it espouses an argument that could have been argued in opposition to Defendant's Motion to Dismiss.

Even if Plaintiff had espoused a single business enterprise argument at the appropriate time, however, it would have been unsuccessful. Plaintiff's Amended Complaint does not allege any facts upon which this Court could have found a single business enterprise theory viable. Plaintiff's Motion for Reconsideration includes facts and exhibits not alleged or presented to this Court prior to its ruling on Defendant's Second Motion to Dismiss. Plaintiff does not argue that this information is newly discovered or that it was somehow precluded from presenting it earlier.

---

[9] *E.g., Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003).

## **CONCLUSION**

For the foregoing reasons, Plaintiff's Motion for Reconsideration is DENIED.

New Orleans, this 18th day of January, 2017.

_____
**JANE TRICHE MILAZZO
UNITED STATES DISTRICT JUDGE**