UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MR. MUDBUG, INC.** | **CIVIL ACTION** |
| **VERSUS** | **NO:    15-5265** |
| **BLOOMIN' BRANDS, INC.** | **SECTION: "H" (4)** |

## ORDER AND REASONS

Before the Court is a **Motion to Compel Site Inspections (R. Doc. 67)** filed by the Defendant, Bloomin' Brands, Inc. ("Defendant"), seeking an order from the Court to compel the Plaintiff, Mr. Mudbug, Inc. ("Plaintiff") to allow the Defendant to conduct a site inspection of the Plaintiff's facility and the food product at issue as well as costs for the instant motion. The motion was submitted on February 1, 2017 and heard with oral argument that same day. For the following reasons, the motion is **GRANTED**.

### I.     Background

This action was removed from the 24th Judicial District Court on October 19, 2015. R. Doc. 1. The Plaintiff alleges that during late 2007 to early 2008 it entered into a contractual relationship with the Defendant under which the Defendant ordered food products and services from the Plaintiff. R. Doc. 6, p. 2. In 2008, the Plaintiff alleges that the Defendant required the Plaintiff to expand its facilities in order to handle the increased volume of food product and service requests. R. Doc. 6, p. 3. In 2011, after the Defendant allegedly awarded the Plaintiff another contract for salad dressing, which resulted in the Plaintiff embarking on another $16.8 million expansion. *Id.* In the following years, the Defendant began to allegedly divert business from the Plaintiff, eventually withdrawing from the salad dressing contract in its entirety by 2013. *Id.* at p. 4. By December of 2014, the business relationship between the parties had terminated in its entirety. *Id.* As a result in 2015, the Plaintiff filed a state court petition for an amount on an open account on

1

the Plaintiff. The Defendant removed and asserted a counterclaim of breach of contract to supply quality products. The Plaintiff then amended its complaint to add claims for breach of contract and detrimental reliance. R. Doc. 6. The Plaintiff also asserted bad faith claims, but those claims have been dismissed. *See* R. Doc. 30.

At this time, the Defendant has filed a motion to compel site inspection. R. Doc. 67. In particular, the Defendant seek an order from the Court compelling the Plaintiff to allow it to inspect the facility and food product at issue in the Plaintiff's claims. R. Doc. 67-1, p. 2. Alternatively, the Defendant seeks an order for the Plaintiff to disclose the current location of the food product and work towards allowing the Defendant to examine the food product at that location. R. Doc. 67. The Defendant also seeks an award of costs for having to file the instant motion to compel.

## II. Standard of Review

Federal Rule of Civil Procedure 34 governs a party's request "to permit entry onto designated land or other property possessed or controlled by the responding party." Fed. R. Civ. P. 34(a)(2). Rule 34 goes on to require that the request must describe with "reasonable particularity" the property to be inspected as well as specify the time, place and manner of the inspection. Fed. R. Civ. P. 34(b)(1)(A)-(B). After entering the property, the requesting party may "inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it." Fed. R. Civ. P. 34(a)(2). However, the request must be within the scope of Rule 26(b). *Id.*

Federal Rule of Civil Procedure 26(b)(1) provides that "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense. . . . ." Rule 26(b)(1) specifies that "[i]nformation within the scope of discovery need not be admissible in evidence to be discovered." Rule 26(b)(1) also specifies that discovery must be "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in

controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable." Id.

Under Rule 26(b)(2)(C), discovery may be limited if: (1) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from another, more convenient, less burdensome, or less expensive source; (2) the party seeking discovery has had ample opportunity to obtain the discovery sought; or (3) the burden or expense of the proposed discovery outweighs its likely benefit.

Federal Rule of Civil Procedure 37 provides sanctions for failure to cooperate in discovery. Rule 37(a) allows a party in certain circumstances to move for an order compelling discovery from another party. In particular, Rule 37(a)(3)(b)(iii)-(iv) allows a party seeking discovery to move for an order compelling an answer or production of documents where a party "fails to answer an interrogatory" or "fails to produce documents." An "evasive or incomplete" answer or production is treated the same as a complete failure to answer or produce. Fed. R. Civ. P. 37(a)(4).

In addition to alleging that the responding party has failed to properly cooperate with discovery, a motion to compel under Rule 37(a) must also "include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 31(a)(1).

Note, if the motion is granted, the court "must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). However, the Court will not order payment

if the opposing party's nondisclosure was "substantially justified" or circumstances make the award unjust. *Id*.

## III. <u>Analysis</u>

The Defendant has filed the instant motion to compel site inspection. In particular, the Defendant seeks to inspect the invoiced food product at issue in the Plaintiff's open account claim as well as the facility where that product is stored. R. Doc. 67; *See* R. Doc. 67-5.[1] The Defendant further argues that their request should be granted because the site inspection is clearly relevant because: (i) the purported expansion of the facility is at issue in this suit and (ii) the existence, identity, and quantity of the food product is at issue in this suit. R. Doc. 67-1, p. 4-5. Moreover, the Defendant argues that the request is proportional to the needs of the case as the amount in controversy is over $35 million. *Id.* at p. 6-7. The Defendant also states that it is willing to work with the Plaintiff to reduce any impact such an inspection might cause. *Id.*

During oral argument, the Court was informed that the Plaintiff did not object to the inspection or the scope of the inspection as long as the inspection occurred on a weekend. Given that the inspection itself is not opposed and that the Court finds the request to be reasonably specific, relevant and proportional so as to comply with Federal Rules of Civil Procedure 26 and 24, the Court grants the motion to the extent that it seeks to compel a site inspection. *See, e.g., Louisiana Crawfish Producers Assoc.-West v. Mallard Basin, Inc.*, No. 10-1085 c/w 11-461, 2015 WL 8074260 at *2 (W.D. La. Dec. 4, 2015).

---

[1] The request asks in full: "Defendant, Bloomin' Brands, Inc. ("BBI"), by and through its undersigned counsel and pursuant to the Federal Rule of Civil Procedure 34(a)(2), hereby requests that Plaintiff, Mr. Mudbug, Inc. ("MMI") permit BBI and its agents to enter upon the property located at 131 23rd Street, Kenner, LA 70062, to inspect said property and to photograph said property relevant to the Plaintiff's claims of damages. BBI requests that MMI grant it complete access to MMI's facility for the purpose of photographing the facility, and specifically grant BBI access to any and all areas where the products reflected on the invoices underlying MMI's open account claim are stored. BBI further requests that it be permitted to open any sealed containers containing the products reflected on the invoices underlying MMI's open account claim for the purpose of photographing the products inside the containers. Pursuant to Rule 34(b), Defendant requests that Plaintiff permit BBI and its agents to enter the property and inspect the building described above from 9:00 AM until 2:00 PM on January 5, 2017." R. Doc. 67-5.

Turning to the issue of attorneys' fees, the Court finds the award of attorneys' fees to be appropriate in this case. Because the motion to compel will be granted, the Court may impose reasonable expenses in making the instant motion to compel on the Plaintiff as the Defendant has requested. Fed. R. Civ. P. 37(a)(5)(A).

Here, the chronology of events leads the Court to finding an award of attorneys' fees as just. First, on November 9, 2016, the Defendant's new counsel reached out to the Plaintiff after the Rule 26(f) conference to discuss dates available to complete an inspection of the site and the stored food product. R. Doc. 67-3, p. 2. In that correspondence, the Defendant offered to formally notice the inspection pursuant to Federal Rule of Civil Procedure 34. *Id.* Prior to this correspondence, it appears that the Plaintiff had indicated a willingness to allow an inspection to Defendant's former counsel. R. Doc. 67-7, p. 2 ("I have asked my client to provide three dates and times in the coming weeks for BBI to come over and photograph and inspect the stored products at BBI's sole cost and expense as long as such inspection is done under reasonable inspection.").

After the Defendant's November 9, 2016 request, the Plaintiff asked the Defendant to formally notice the inspection on November 28, 2016. R. Doc. 67-4, p. 2. Thereafter, on November 28, 2016, the Defendant formally issued a notice to the Plaintiff of its site inspection. R. Doc. 67-5. The inspection was noticed for January 5, 2017. *Id.* at p. 4.

On December 23, 2016, the Plaintiff filed into the record an "Opposition to Inspection." R. Doc. 55. However, that opposition was marked deficient by the Clerk's office, and no corrective action was taken by the Plaintiff. Notable, within the objection to the site inspection deficiently filed into the record, the Plaintiff objected to the inspection as not relevant or proportional to the needs of the case.

5

On January 4, 2017, the Defendant confirmed with the Plaintiff that the site inspection would not be going forward. R. Doc. 67-6, p. 2. To that end, the Plaintiff responded, "no inspection." *Id.*

Thereafter, the Plaintiff filed the instant motion to compel on January 17, 2017. R. Doc. 67. At some time between the filing of the motion to compel and the submission date, the Plaintiff's position changed from arguing that the inspection was not relevant or proportional to agreeing that the request was relevant and asking that the inspection occur on a weekend.

Rule 37(a)(5) provides: "If the motion [to compel] is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion ... to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). The rule goes on to state that expenses should not be awarded if: (i) "the movant filed the motion before attempting in good faith to obtain" the discovery; (ii) the opposing party was "substantially justified" in opposing the discovery; or (iii) "other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A)(i)-(iii). *See also, Merritt v. Int'l Bhd. of Boilermakers,* 649 F.2d 1013, 1019 (5th Cir.1981). "The Rule was specifically amended in 1970 to encompass a presumption that sanctions should be awarded unless one of the conditions in the Rule is met 'to encourage judges to be more alert to abuses occurring in the discovery process.'" *Covad Commc'n Co. v. Revonet, Inc.*, 262 F.R.D. 1, 2 (D.D.C. 2009) (quoting Fed. R. Civ. P. 37, Advisory Committee Notes to 1970 Amendments); *see also* 8 C. Wright & A. Miller, *Federal Practice and Procedure* § 2288 (3d Ed. 2016) ("The great operative principle of Rule 37(a)(5) is that the loser pays.").

As the rule makes clear, it is irrelevant to the issue of reasonable expenses that the Plaintiff has attempted to resolve the issues concerning the site inspections after the filing of the motion.

*See* Fed. R. Civ. P. 37(a)(5)(A) (stating expenses should be awarded even "if the disclosure or requested discovery is provided after the motion was filed"). As such, the Court looks to determine if one of the three factors apply.

First, the Court is satisfied that the movant made a good faith attempt to obtain the discovery without the intervention of the Court. The Defendant, relying on the earlier indications made by the Plaintiff, attempted to schedule available dates for the Plaintiff to conduct the site inspection. 67-3, p. 2. Thereafter, the Plaintiff required that the site inspection be formally noticed and rejected any inspection as irrelevant and not proportional to the needs of the case. Given the hardline position taken by the Plaintiff, the Court is satisfied that the Defendant attempted in good faith to obtain the discovery without the Court's aid and that ultimately the filing of the motion to compel was justified.

Second, the Court is not convinced that the Plaintiff's objection to the site inspection was substantially justified. "The Supreme Court has clarified that "substantially justified" does not mean 'justified to a high degree.' Rather, it means justified in substance, or that there is a genuine dispute." *Covad Commc'n Co.*, 262 F.R.D. at 4 (quoting *Pierce v. Underwood,* 487 U.S. 552, 565 (1988)). As an initial matter, the Court doubts there could be any genuine dispute that the inspection of the facility and food product described and at issue in the Plaintiff's claim and within the Plaintiff's possession is both relevant and proportional. However, the Court need to engage a lengthy analysis into the genuineness of the dispute because the Plaintiff acknowledged during oral arguments that the request was relevant. Moreover, the sequence of events—from (i) the Plaintiff's willingness to allow the inspection with Defendant's prior counsel to (ii) the Plaintiff's refusal after the request of Defendant's new counsel to (iii) the Plaintiff's willingness now to allow the inspection—undercuts the credibility of the Plaintiff's objections.

Finally, the Court does not believe that there are any factors or considerations that make an award of expenses unjust in the instant case. As such, finding none of the factors weigh against the imposition of expense under Rule 37, the Court will grant the Defendant's request for attorney's fees.

## IV. Conclusion

Accordingly,

**IT IS ORDERED** that **Motion to Compel Site Inspections (R. Doc. 67)** is **GRANTED.**

**IT IS FURTHER ORDERED** that the Plaintiff will allow the Defendant to inspect the Plaintiff's facility and food product at issue in this case on **February 11, 2017 through February 12, 2017**.

**IT IS FURTHER ORDERED** that Defendant Bloomin' Brands, Inc. is awarded attorneys' fees and costs in connection with the Motion to Compel Site Inspection (R. Doc. 67).

**IT IS FURTHER ORDERED** that the Defendant shall file a motion to fix attorney fees into the record by **February 7, 2017,** along with: (1) an affidavit attesting to its attorney's education, background, skills and experience; (2) sufficient evidence of rates charged in similar cases by other local attorneys with similar experience, skill and reputation and; (3) the documentation required by Local Rule 54.2. Any opposition to the fee application shall be filed no later than **February 14, 2017**. The motion shall be set for hearing on **February 15, 2017**, to be heard without oral argument.

New Orleans, Louisiana, this 1st day of February 2017.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**