UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MR. MUDBUG, INC. d/b/a** <br> **MMI CULINARY SERVICES** | **CIVIL ACTION** |
| **VERSUS** | **NO:    15-5265** |
| **BLOOMIN' BRANDS, INC.** | **SECTION: "H" (4)** |

## ORDER

Before the Court is a **Motion to Fix Attorneys' Fees (R. Doc. 76)** filed by Defendant Bloomin' Brands, Inc. ("Defendant") seeking an order from the Court to fix the attorneys' fees in the amount of $6,441.00. The motion is opposed. R. Doc. 78. The motion was submitted on February 15, 2017.

### I.  Background

On February 1, 2017, the Court granted the Defendant's Motion to Compel Site Inspections finding in part that the Defendant was entitled to attorneys' fees under Federal Rule of Civil Procedure 37(a)(5). R. Doc. 75. As part of that order, the Court ordered that the Defendant file a motion to fix attorney's fees and costs. *Id.* at p. 8. The Defendant thereafter filed the subject motion on February 7, 2017 requesting $6,441.00 in attorneys' fees.

Mr. Mudbug, Inc. ("Plaintiff") has opposed the Defendant's fee request, arguing that the Defendant is not entitled to fees under Rule 37(a)(5)(A). R. Doc. 78. Upon review, these arguments are largely a rehashing of the arguments made to the Court during oral argument for the underlying motion to compel site inspection, namely that the Defendant did not in good faith attempt to confer with the Plaintiff. The Court stands by its determination that the Defendant complied with Rule 37's conferral requirement and is entitled to fees under Rule 37. R Doc. 75, p. 6-8. As such, the Court will turn to the evaluation of Defendant's fee request.

**II.     Standard of Review**

After the Court has determined that an imposition of costs is appropriate, Federal Rule of Civil Procedure 30(g) "contemplates the recovery of expenses associated with actual attendance at a cancelled deposition, such as attorney's fees and those associated with travel, such as hotel, airfare, and car rental expenses." *Ewing v. Flora*, No. 14-cv-2925, 2015 WL 12564224, at *2 (S.D. Cal. Dec. 28, 2015) (citing *Albee v. Continental Tire North America, Inc.*, 780 F. Supp.2d 1005, 1013 (E.D. Cal. 2011)).

The Supreme Court has specified that the "lodestar" calculation is the "most useful starting point" for determining the award for attorney's fees. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). Lodestar is computed by "… the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Id.* The lodestar calculation, "...provides an objective basis on which to make an initial estimate of the value of a lawyer's services." *Id.* Once the lodestar has been determined, the district court must consider the weight and applicability of the twelve factors delineated in *Johnson*. *See Watkins v. Forcide*, 7 F.3d 453, 457 (5th Cir. 1993).[1] Subsequently, if the *Johnson* factors warrant an adjustment, the court may make modifications upward or downward to the lodestar. *Id.* However, the lodestar is presumed to be a reasonable calculation and should be modified only in exceptional circumstances. *Id.* (citing *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992)).

The party seeking attorney's fees bears the burden of establishing the reasonableness of the fees by submitting "adequate documentation of the hours reasonably expended", and

---

[1] The twelve *Johnson* factors are (1) the time and labor involved; (2) the novelty and difficulty of the questions; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney due to this case; (5) the customary fee; (6) whether fee is fixed or contingent; (7) time limitations; (8) the amount involved and results obtained; (9) the experience, reputation and ability of counsel; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *See Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-719 (5th Cir. 1974).

2

demonstrating the use of billing judgement. *Creecy v. Metro. Prop. & Cas. Ins. Co.*, 548 F. Supp. 2d 279, 286 (E.D. La. 2008) (citing *Wegner v. Standard Ins. Co.*, 129 F.3d 814, 822 (5th Cir.1997)).

### III.    Reasonable Hourly Rate

The "appropriate hourly rate. . .is the market rate in the community for this work." *Black v. SettlePou, P.C.*, 732 F.3d 492, 502 (5th Cir. 2013) (citing *Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*, 685 F.3d 486, 490 (5th Cir.2012)). Moreover, the rate must be calculated "at the 'prevailing market rates in the relevant community for similar services by attorneys of reasonably comparable skills, experience, and reputation.'" *Int'l Transp. Workers Fed'n v. Mi-Das Line, SA*, 13–00454, 2013 WL 5329873, at *3 (E.D. La. Sept. 20, 2013) (quoting *Blum v. Stenson*, 465 U.S. 886, 895 (1984)). Satisfactory evidence of the reasonableness of the rate necessarily includes an affidavit of the attorney performing the work and information of rates actually billed and paid in similar lawsuits. *Blum*, 465 U.S. at 896 n.11. Finally, if the hourly rate is not opposed, then it is *prima facie* reasonable. *Powell v. C.I.R.*, 891 F.2d 1167, 1173 (5th Cir. 1990) (quoting *Islamic Ctr. of Mississippi v. City of Starkville*, 876 F.2d 468, 469 (5th Cir. 1989)).

The Defendant has stated that the hourly rate of its attorneys are as follows: $300 for Christopher Ralston; $240 for Jeremy Grabill; $210 for Arthur Kraatz; and $190 for Lillian Grappe. R. Doc. 76-2, p. 2.  These rates appear reasonable given that Mr. Ralston has roughly seventeen (17) years of experience, Mr. Grabill has roughly ten (10) years of experience; Mr. Kraatz has roughly four (4) years of experience; and Ms. Grappe is a first year associate. *Id.  See, e.g., EnVen Energy Ventures, LLC v. Black Elk Energy Offshore Operations, LLC*, No. 14-424, 2015 WL 3505099, at *2 (E.D. La. June 2, 2015) (awarding $300 for an attorney with 10 years of experience and $275 for an attorney with 7 years of experience as well as collecting cases showing

hourly rates of $275 for seven years of experience); *see also see also Calix v. Marine, LLC*, No. 14-2430, 2016 WL 4194119, at *6 (E.D. La. July 14, 2016) *report and recommendation adopted*, 2016 WL 4180977 (approving $180 for first year associate); *Alexander v. Ace Am. Ins. Co.*, No. 14-310, 2014 WL 4163756, at *2 (E.D. La. Aug. 20, 2014) (awarding $200 per hour for attorney with four years of experience). Moreover, the Defendants have provided an affidavit attesting to the reasonableness of the rates and their equivalence to prevailing market rates. R. Doc. 76-2. Moreover, the Plaintiff has not opposed the rate. As such, the Court finds these rates to be reasonable.

### IV. Hours Reasonably Spent on Litigation

Next, the court must determine what hours of time were reasonably expended on the litigation. The party seeking the fee bears the burden of documenting and supporting the reasonableness of all time expenditures that compensation is sought. *Hensley*, 461 U.S. at 437. The "[c]ounsel for the prevailing party should make a good faith effort to exclude from fee request hours that are excessive, redundant, and otherwise unnecessary…" *Id.* at 434. Hours that are not properly billed to one's client also are not properly billed to one's adversary. *Id*. The Supreme Court calls on fee applicants to make request that demonstrate "billing judgement". *Id*. The remedy for failing to exercise "billing judgment" is to exclude hours that were not reasonably expended. *See Hensley*, 461 U.S. at 434; *Walker v. City of Mesquite*, 313 F.3d 246, 251 (5th Cir. 2002) (quoting *Walker v. HUD*, 99 F.3d 761, 770 (5th Cir.1996)) ("If there is no evidence of billing judgment, however, then the proper remedy is not a denial of fees, but a reduction of 'the hours awarded by a percentage intended to substitute for the exercise of billing judgment.'"). Alternatively, this Court can conduct a line-by-line analysis of the time report. *See Green v.*

*Administrators of the Tulane Educational Fund*, 284 F.3d 642, 662 (5th Cir.2002) *overruled on other grounds by Burlington Northern and Santa Fe Railway Co. v. White*, 548 U.S. 53 (2006).

Here, the Defendant has provided a billing statement showing that Mr. Ralston billed for 7.4 hours, Mr. Grabill billed for 4.5 hours, Mr. Kraatz billed for 6.0 hours, and Ms. Grappe billed for 9.9 hours. While the billing statement reflects that the attorneys exercised some billing judgment, the Court has the following concerns about the billing statement provided.

First, the Court notes a few block billed hours. Block Billing is "time-keeping method by which an attorney lumps together the total daily time spent working on a case, rather than itemizing the time expended on specific tasks." *Canon U.S.A., Inc. v. S.A.M., Inc.*, No. 07–1201, 2009 WL 35334, at *4 (E.D. La. Jan. 6, 2009) (citing *Robinson v. City of Edmond*, 160 F.3d 1275, 1283, n. 9 (10th Cir.1998)). "This practice makes it impossible for the Court to determine the reasonableness of the hours spent on each task." *Id.* When presented with such block billing before, this Court has found a reduction in the amount of hours awarded to be appropriate. *See High-Tec Elc., Inc. of Delaware v. T&B Constr. & Elec. Serv., Inc.*, 2016 WL 3952089 at *3 (E.D. La. July, 22 2016) (Roby, M. J.) (reduction of 20%); *Harris v. Allstate Ins. Co.*, 2009 WL 86673, at *3 (E.D. La. Jan. 12, 2009) (Roby, M. J.) (reduction of 25% ); *Canon U.S.A., Inc.*, 2009 WL 35334, at *5 (Roby, M. J.) (reduction of 25%); *Creecy v. Metro. Prop. & Cas. Ins. Co.,* 548 F.Supp.2d 279 (E.D. La. 2008) (Roby, M. J.). As such, the Court will reduce the amount of hours block-billed by Mr. Ralston and Mr. Grabill by 20%. From the Court's review, Mr. Grabill block billed for 2.3

hours.[2] Mr. Ralston has block billed for 3.1 hours.[3]  As such, the Court will reduce Mr. Grabill's reasonable hours by .46 hours and Mr. Ralston's hours by .62 hours.

Second, while the Plaintiffs are allowed to utilize as many attorneys as they wish to handle matters in litigation, the Plaintiffs are not necessarily entitled to costs of paying for each attorney when such work may be duplicative, redundant, or excessive. *See Jolie Design & Décor, Inc. v. Gogh*, 2016 WL 4708210 (E.D. La. Aug. 11, 2016) (citing *Riley v. City of Jackson*, 99 F.3d 757, 760 (5th Cir. 1996)) ("[W]hile a party is free to employ multiple attorneys, that party's opponent is not required to pay for duplicative work by those attorneys – it remains the burden of the party seeking fees to demonstrate the reasonableness of all the fees it seeks."); *See also, Walker*, 99 F.3d at 768) (quoting *Johnson*, 488 F.2d at 717) ("If more than one attorney is involved, the possibility of duplication of effort along with the proper utilization of time should be scrutinized."). Here, the statements provided to the Court demonstrate that multiple attorneys spent multiple hours on the motion to compel as well as the reply to Defendants' opposition. "While the defendants are free to utilize the services of however many attorneys they desire, and recognizing that some degree of multiple attorney involvement is prudent to provide 'back up' if primary counsel becomes indisposed and that a certain amount of oversight over the associate's work activities is necessary, the Court questions whether such a combined effort was required" given that the issue presented was not especially novel or complex. *Marsala v. Mayo*, No. 06-3846, 2014 WL 1276187, at *3

---

[2] For the January 13, 2017 entry, Mr. Grabill billed for: "Made further revisions to updated draft of motion to compel site inspection and finalized exhibits in support of the motion; follow-up communications with A. Kraatz re: motion to compel site inspection."

[3] For a January 15, 2017 entry, Mr. Ralston billed for: "Edit and revise motion to compel site inspection; memorandum to Mr. Grabill re filing, timing and steps related to same." For a February 1, 2017 entry, he billed for: "Prepare for hearing on motion to compel site inspection and gathering exhibits; travel to district court for hearing; attend hearing on motion to compel; traveled from the court to the office; memo to and telephone call with client re: hearing."

(E.D. La. Mar. 27, 2014) (Feldman, J.). As such, the Court will further reduce each attorney's hours by an additional forty (40) percent. *See id.* (reducing hours by one-third where multiple attorneys involved); *Flour Corp. v. Citadel Equity Fund Ltd.*, 2011 WL 3820704, at *6 (N.D. Tex. Aug. 26, 2011) (reducing hours by 60% in part for use of multiple attorneys).

As such, the Court finds that Mr. Ralston reasonably expended 4.07 hours, Mr. Grabill reasonably expended 2.42 hours, Mr. Kraatz reasonably expended 3.6 hours, and Ms. Grappe reasonably expended 5.94 hours.[4]

### V.   *Lodestar* **Calculation**

Given the foregoing reasonable rates and hours, the Court calculates the following *Lodestar* amount for each attorney as:

| Attorney | Reasonable Hourly Rate | Reasonable Hours Expended | *Lodestar* Amount |
|---|---|---|---|
| Christopher Ralston | $300.00 | 4.07 | $1,221.00 |
| Jeremy Grabill | $240.00 | 2.42 | $580.80 |
| Arthur Kraatz | $210.00 | 3.60 | $756.00 |
| Lillian Grappe | $190.00 | 5.94 | $1,128.60 |
| | | **Total:** | **$3,686.40** |

The total *Lodestar* amount then is **$3,686.40**.

### VI.   **Adjusting the** *Lodestar*

After the lodestar is determined, the Court may then adjust the lodestar upward or downward depending on the twelve factors set forth in *Johnson*, 488 F.2d at 717-19. However, "the Supreme Court has limited greatly the use of the second, third, eighth, and ninth factors for enhancement purposes, and accordingly, the Fifth Circuit has held that '[e]nhancements based

---

[4] Mr. Ralston's stated 7.4 hours were first reduced by .62 hours for a total of 6.78 hours. The 6.78 hours were further reduced by forty percent for a total of 4.07 hours. Mr. Grabill's stated 4.5 hours were first reduced by .46 hours for a total of 4.04 hours. The 4.04 hours was further reduced by forty percent for a total of 2.42 hours. Mr. Kraatz's stated 6.0 hours was reduced by forty percent for a total of 3.6 hours. Ms. Grappe's stated 9.9 hours were reduced by forty percent for a total of 5.94 hours.

upon these factors are only appropriate in rare cases supported by specific evidence in the record and detailed findings by the courts.'" Wells Fargo Equip. Fin., Inc. v. Beaver Const., LLC, No. CIV. 6:10-0386, 2011 WL 5525999, at *3 (W.D. La. Oct. 18, 2011) (citing Walker v. U.S. Department of Housing and Urban Development, 99 F.3d 761, 771–72 (5th Cir. 1996)). Finally, to the extent that any *Johnson* factors are subsumed in the lodestar, they should not be reconsidered when determining whether an adjustment to the lodestar is required. *Migis v. Pearle Vision*, Inc., 135 F.3d 1041, 1047 (5th Cir. 1998). The Court has carefully evaluated the *Johnson* factors and finds no adjustment of the lodestar is warranted.

### VII. Conclusion

Accordingly,

**IT IS ORDERED** that Defendant's **Motion to Fix Attorney's Fees (R. Doc. 76)** is **GRANTED**. Defendant Ford Motor Company is awarded reasonable attorney's fees and expenses in the amount of **$3,686.40.**

**IT IS FURTHER ORDERED** that Plaintiff's counsel shall satisfy their obligation to Defendant no later than **twenty-one (21) days** from the issuance of this Order.

New Orleans, Louisiana, this 23rd day of February 2017

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**