# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MR. MUDBUG, INC.** | **CIVIL ACTION** |
| **VERSUS** | **NO: 15-05265** |
| **BLOOMIN BRANDS, INC.** | **SECTION "H"** |

## ORDER AND REASONS

Before the Court is Plaintiff's Appeal of the Magistrate Judge's Order regarding an award of attorneys' fees (Doc. 80). For the following reasons, the Motion is **DENIED**, and the Magistrate Judge's award of attorneys' fees is **AFFIRMED**.

## BACKGROUND

Plaintiff Mr. Mudbug, Inc. d/b/a MMI Culinary Services manufactures food products such as soups, sauces, and dressings. Defendant Bloomin Brands, Inc. operates multiple national and international restaurant chains. For a period of approximately eight years, the parties formed a business relationship in which Plaintiff produced pre-prepared foods for Defendant. Plaintiff alleges that it expanded its manufacturing facilities in 2008 in reliance on this relationship. Following this expansion, for reasons that are

disputed, Defendant began to award fewer contracts to Plaintiff. By December of 2014, the business relationship had been terminated entirely.

During the course of discovery, Defendant requested a site inspection of Plaintiff's food product and facility. At Plaintiff's request, Defendant formally noticed the inspection. The evidence shows that Plaintiff initially objected to the inspection as irrelevant to the case, although such filing was marked deficient and never remedied. Plaintiff, however, confirmed by email that no inspection would be taking place on the noticed date. On January 17, Defendant filed a Motion to Compel the site inspection. At some point before the hearing on this motion, Plaintiff decided that it would allow an inspection as long as it took place on a weekend.

On February 1, 2017, Magistrate Judge Roby granted Defendant's Motion to Compel and awarded attorneys' fees, stating that Defendant made a good faith attempt to obtain the inspection without intervention of the Court and that Plaintiff's objections were not substantially justified. She noted that Plaintiff's change in position regarding allowing the inspection undercut the credibility of its initial objections. She therefore awarded Defendant attorneys' fees and directed it to file a motion to fix the amount of those fees. Defendant did so, filing a Motion to Fix Attorneys' Fees, which Judge Roby granted on February 24, 2017, awarding Defendant $3,686.40 in attorneys' fees.

Plaintiff now appeals this ruling. Plaintiff filed the instant Motion for Appeal of Magistrate Judge's Decision on March 9, 2017, contesting Defendant's entitlement to attorneys' fees.

## **LEGAL STANDARD**

With the consent of the presiding district judge, a magistrate judge may adjudicate non-dispositive pre-trial motions.[1] A magistrate judge is afforded broad discretion in resolving non-dispositive pre-trial matters.[2] A party aggrieved by the magistrate judge's ruling may appeal to the district judge within fourteen days after service of the ruling.[3] The district judge may reverse only upon a finding that the ruling is "clearly erroneous or contrary to law."[4] In order to meet this high standard, the district judge must be "left with a definite and firm conviction that a mistake has been committed."[5]

## LAW & ANALYSIS

Plaintiff argues that Defendant should not be entitled to receive attorneys' fees for its Motion to Compel Site Inspection because it did not engage in a good faith attempt to discuss Plaintiff's objections to the proposed inspection prior to filing such. Plaintiff acknowledges that it objected to the relevance and proportionality of the inspection and also expressed concerns about the loss in revenue that would result in holding the inspection on a weekday during the facility's operations. Plaintiff contends that Defendant never sought to address its objections prior to filing its Motion to Compel.

First, Defendant argues that Plaintiff's appeal is untimely. This Court agrees. The Magistrate Judge ruled on February 1 that Defendant was entitled to attorneys' fees. She ruled on February 24 that Plaintiff must pay Defendant attorneys' fees in the amount of $3,686.40. Plaintiff's appeal solely disputes Defendant's entitlement to attorneys' fees, and it does not dispute the

---

[1] 28 U.S.C. § 636(b)(1)(A).
[2] *McCallon v. BP Am. Prod. Co.*, Nos. 05–0597, C/W 05–0700, 2006 WL 3246886, at *2 (E.D. La. Nov. 8, 2006).
[3] FED. R. CIV. P. 72(a).
[4] 28 U.S.C. § 636(b)(1)(A); FED. R. CIV. P. 72(a).
[5] *Yelton v. PHI, Inc.*, 284 F.R.D. 374, 376 (E.D. La. 2012) (internal quotation marks omitted).

3

quantification thereof. Therefore, it is clear that Plaintiff intends to appeal the Magistrate Judge's initial February 1 order. Pursuant to Federal Rule of Civil Procedure 72(a) an appeal of a magistrate judge's ruling must be brought within 14 days of that ruling. Therefore Plaintiff's appeal, filed on March 9, was untimely.

Plaintiff argues that its appeal is not untimely because an order awarding attorneys' fees is not a final appealable judgment until the amount of attorneys' fees is fixed. In making this argument, however, Plaintiff cites to cases discussing the appeal of a final judgment of the district court to the Fifth Circuit. Such is not dispositive here. Rule 72(a) states that "[a] party may serve and file objections to the [magistrate judge's] order within 14 days after being served with a copy," notwithstanding whether that order is interlocutory or final. Accordingly, Plaintiff's appeal is untimely.

Even so, this Court finds that the magistrate judge's ruling awarding Defendant attorneys' fees is not clearly erroneous or contrary to law. It is clear from the evidence that Plaintiff initially refused to provide Defendant with a suitable date upon which to perform the inspection, and instead, requested that it formally notice the inspection. Plaintiff then objected to the relevance and proportionality of the inspection. As the magistrate judge noted, "Given the hardline position taken by Plaintiff, the Court is satisfied that the Defendant attempted in good faith to obtain the discovery without the Court's aid and that ultimately the filing of the motion to compel was justified."[6]

## CONCLUSION

---

[6] Doc. 75.

For the foregoing reasons, Plaintiff's Motion to Appeal the Magistrate Judge's Order is DENIED, and the Magistrate's award of attorneys' fees to Defendant is AFFIRMED.

New Orleans, this 25th day of May, 2017.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**