UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MR. MUDBUG, INC.                                          CIVIL ACTION

VERSUS                                                    NO: 15-5265

BLOOMIN BRANDS, INC.                                      SECTION "H"(4)

ORDER AND REASONS

Before the Court is Defendant Bloomin' Brands, Inc.'s Motion for Sanctions (Doc. 93). For the following reasons, the Motion is DENIED.

BACKGROUND

Plaintiff Mr. Mudbug, Inc. d/b/a MMI Culinary Services ("MMI") manufactures food products such as soups, sauces, and salad dressings. Defendant Bloomin Brands, Inc. ("BBI") operates multiple national and international restaurant chains. For a period of approximately eight years, the parties maintained a business relationship in which Plaintiff produced pre-prepared foods for Defendant. Plaintiff alleges that it expanded its production facilities twice to accommodate Defendant's orders, particularly in response to what Plaintiff alleges was a contract to supply 28 million pounds of salad

1

dressings to Defendant ("the Dressing Contact").[1] However, for reasons that are disputed, Defendant began to award fewer contracts to MMI following the expansions. By December of 2014, the business relationship had been terminated entirely.

On September 25, 2015, Plaintiff filed a state court petition on open account against Defendant for the payment of two invoices totaling $242,668.83.[2] Plaintiff alleges that invoice number 1344, dated November 14, 2013 has an outstanding balance of $2,956.56 and that invoice number 5943, dated March 13, 2015, has an outstanding balance of $239,712.27.[3] Defendant removed the suit to this Court and asserted a counterclaim against Plaintiff for redhibition and breach of contract to supply quality products and ingredients.[4] Plaintiff then amended its Complaint to add claims for breach of contract, detrimental reliance, and bad faith based on Defendant's alleged breach of the Dressing Contract and the resulting lost profits and expansion costs incurred.[5] The Court ultimately dismissed Plaintiff's bad-faith claims with prejudice.[6] The Court also granted Defendant's request to voluntarily dismiss its counterclaim.[7]

Responding to Defendant's motion, the Court granted partial summary judgment for Defendant. The Court dismissed Plaintiff's claims for breach of contract and detrimental reliance.[8] The Court found that Plaintiff failed to carry its burden to produce evidence that Defendant formed a contract for, or

---

[1] Doc. 6 at 3.
[2] Doc. 1-3 at 2–3.
[3] Doc. 1-3 at 3; *see also* Doc. 6 at 4–5 (asserting the same claims in Plaintiff's First Amended Complaint).
[4] Doc. 4 at 4–5.
[5] Doc. 6 at 5–9.
[6] *See* Doc. 30.
[7] Doc. 72.
[8] Doc. 115.

promised to buy, a particular volume of product from Plaintiff. The Court also dismissed that part of Plaintiff's claim on open account regarding $21,879.00 billed for Magic Spice and $116,981.20 of product that Defendant rejected.[9]

At the same time that Defendant moved for summary judgment, Defendant also moved to impose sanctions on Plaintiff pursuant to Rule 11 of the Federal Rules of Civil Procedure. Defendant argues, with respect to the claim on open account, that Plaintiff either failed to undertake a factual investigation or submitted a knowingly false pleading because there is no evidence that much of the product for which Plaintiff seeks payment actually existed at the time Plaintiff sent its invoice to Defendant and because Plaintiff sought payment for goods for which Plaintiff previously waived payment. Defendant also argues that Plaintiff either failed to undertake a factual investigation or submitted a knowingly false pleading when Plaintiff asserted a contract claim with no evidence that a contract existed. Plaintiff opposes the Motion.

## **LEGAL STANDARD**

Federal Rule of Civil Procedure 11 establishes that "[b]y presenting to the court a pleading, written motion, or other paper . . . an attorney . . . certifies that[—]to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances[—]the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery."[10] "An attorney's conduct is judged . . . with an objective, not a

---

[9] Doc. 115.
[10] FED. R. CIV. P. 11(b).

3

subjective, standard of reasonableness."[11] "Reasonableness is reviewed according to the 'snapshot' rule, focusing upon the instant the attorney affixes his signature to the document."[12] A court may impose appropriate sanctions on an attorney or party that violates the Rule, but is not required to do so.[13]

## LAW AND ANALYSIS

This Court finds that while the evidence supporting the majority of Plaintiff's claims was thin, an additional award of sanctions beyond the dismissal of Plaintiff's claims already accomplished via summary judgment is not warranted.

With respect to the part of Plaintiff's claim on open account relating to product that was missing from the warehouse, Plaintiff has presented sufficient evidence to avoid Rule 11 sanctions. This Court already determined that the affidavit of Plaintiff's Chief Operating Officer, Anthony D'Angelo, is sufficient to establish a question of material fact as to whether the product was actually manufactured.[14] Defendant argues that Plaintiff's claim is baseless because there is no evidence that the product existed at the time Plaintiff created the invoice, but Defendant has not demonstrated that existence at that time is a requirement to collect on open account. Therefore the absence of the product in the warehouse does not indicate a Rule 11 violation.

This Court did find that there was no issue of material fact with respect to the product that Defendant rejected or for which Plaintiff waived payment, and therefore dismissed those claims. Similarly, this Court found that there

---

[11] Snow Ingredients, Inc. v. SnoWizard, Inc., 833 F.3d 512, 528 (5th Cir. 2016).
[12] *Id.* (quoting Smith v. Our Lady of the Lake Hosp., Inc., 960 F.2d 439, 444 (5th Cir. 1992)).
[13] *See* FED. R. CIV. P. 11(b) ("[T]he court *may* impose an appropriate sanction . . . .") (emphasis added).
[14] Doc. 115 at 6.

4

was no question of fact as to the existence of a contract, and so dismissed Plaintiff's contract claim. Without deciding whether Plaintiff's actions related to these dismissed claims violated Rule 11, this Court finds that the proper sanction for such a violation would only be dismissal of the claims. Additional sanctions are not necessary to deter repetition of the conduct. As the majority of Plaintiff's claims have already been dismissed on a motion for summary judgment, Defendant's Motion for Sanctions is DENIED.

To be clear, the Court does not condone Plaintiff's maintenance of this suit in the face of the exceedingly weak evidence that Plaintiff was able to muster, or Plaintiff's obstruction during discovery. The Court merely finds that, in the event that Plaintiff's actions did violate Rule 11, the dismissal already accomplished is sufficient to deter similar conduct.

## **CONCLUSION**

For the foregoing reasons, Defendant's Motion for Sanctions is DENIED.

New Orleans, Louisiana this 18th day of April, 2018.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**